# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANELLE BARNARD, | ) | CASE NO. 1:18CV1334 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' amended stipulation for an award of attorney fees under the Equal Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. No. 19 ["Am. Stip."].) For the reasons and in the manner set forth herein, the amended stipulation is approved.

I. **BACKGROUND**

On June 12, 2018, plaintiff Janelle Barnard ("Barnard") filed this action seeking judicial review of the final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying her application for disability benefits. (Doc. No. 1 (Complaint).) On January 31, 2019, the parties filed a joint stipulation to remand to afford the administrative law judge ("ALJ") the opportunity to reassess Barnard's residual functional capacity for purposes of determining whether she is disabled within the meaning of the Social Security Act. (Doc. No. 16 (Application).) On February 4, 2019, the Court granted the application and remanded the matter back to the Commissioner for further administrative proceedings. (Doc. No. 17 (Order).)

On February 14, 2019, the parties filed a joint stipulation for an award of attorney fees. (Doc. No. 18.) On March 4, 2019, the Court directed the parties to file documentation to support their joint stipulation, which they filed on March 6, 2019. By their amended stipulation, the parties seek an EAJA award in the amount of $3,150.00, which the parties indicate represents a compromise of disputed positions and will fully satisfy any and all of Barnard's claims for fees, costs, and expenses under the EAJA. (Am. Stip. at 1597.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that Barnard is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a '"prevailing party[.]"'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by Barnard's counsel shows 16.85 hours of legal services performed between May 16, 2018 and February 5, 2019 (including the typical legal services of reviewing the administrative record, telephone calls, reviewing court orders, and the like). (Doc. No. 19-2.) The Court finds reasonable both the amount and the nature of the legal services performed.

Barnard's counsel's billing sheets reflect an hourly billing rate of $193.05 for services performed in 2018 and 2019. This rate is an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The rates proposed by counsel comport with the measure of inflation in this geographic region (i.e., the "Midwest Urban" Consumer Price Index ("CPI")). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).

In light of these facts, the Court finds that the stipulated award of $3,150.00 is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of Barnard's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by Barnard to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130

S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

The Commissioner is directed to determine, within 30 days from the date of this Order, whether Barnard owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to generate an invoice for any balance that directs the Department of Treasury to pay that balance to Barnard's attorney pursuant to the attorney's fee assignment duly signed by Barnard and her counsel. (*See* Doc. No. 19-1.)

### III. CONCLUSION

For the reasons set forth herein, the parties' joint stipulation for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $3,150.00 is approved, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.


Dated: March 11, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**